IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RICHARD PETER STAVRAKIS**,<br><br>        Plaintiff,<br><br>    v.<br><br>**CAROLYN W. COLVIN**,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 6:12-cv-01929-SI<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

On April 21, 2014, the Court reversed the Commissioner's determination that Plaintiff was not disabled and remanded the matter back to the agency for further proceedings. Dkt. 31. Before the Court is Plaintiff's unopposed application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 33.

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA

PAGE 1 – OPINION AND ORDER

attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)). Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award. *Astrue v. Ratliff*, 560 U.S. 586, 596-98 (2010).

Plaintiff seeks an award of attorney's fees in the amount of $6,195.53. Plaintiff does not seek an award for any costs or expenses. Defendant stipulates to Plaintiff's fee request. Dkt. 33.

Plaintiff's unopposed application for attorney's fees (Dkt.33) is GRANTED. Plaintiff is awarded $6,195.53 for attorney's fees under 28 U.S.C. § 2412. EAJA fees are subject to any offsets allowed under the Treasury Offset Program, as discussed in *Ratliff*, 560 U.S. at 593-94. Because Plaintiff has filed with the court an assignment of EAJA fees to counsel (Dkt. 35-1), Defendant shall cause the payment of fees, if there are no applicable offsets, to be made payable to Plaintiff's counsel. If there are applicable offsets, Defendant shall cause the payment of any fees remaining after the offset is deducted to be made payable to Plaintiff and mailed to Plaintiff's counsel.

**IT IS SO ORDERED**.

DATED this 22nd day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 2 – OPINION AND ORDER